JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

LISA THOMAS

**DEFENDANTS**

843 WILBUR AVENUE OPERATIONS, LLC, et al

(b) County of Residence of First Listed Plaintiff: Warren
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Warren
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, Email and Telephone Number)*

Steven R. Srenaski, Esquire

Attorneys *(If Known)*

Karen P. Gaster, Esquire

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***: 28 U.S.C. § 1332

Brief description of cause: Employment Discrimination and Worker's Compensation Retaliation

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. **DEMAND $** CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE ____ DOCKET NUMBER ____

DATE 08/26/2014 SIGNATURE OF ATTORNEY OF RECORD /s/ Karen P. Gaster

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| LISA THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>843 WILBUR AVENUE OPERATIONS, LLC, GENESIS NJ HOLDINGS, LLC, and/or GENESIS HEALTHCARE, LLC d/b/a GENESIS HEALTHCARE, GENESIS HEALTHCARE CORPORATION, ABC CORPORATIONS 1-10, AND JOHN DOES 1-10<br><br>Defendants. | CIVIL ACTION NO. ______________<br><br>(Removed from the Superior Court of New Jersey, Warren County) |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants 843 Wilbur Avenue Operations LLC, Genesis NJ Holdings LLC, Genesis HealthCare LLC (improperly identified as Genesis HealthCare, LLC d/b/a Genesis HealthCare), and Genesis HealthCare Corporation (hereinafter collectively referred to as "Defendants") hereby remove this action to the United States District Court for the District of New Jersey, Trenton Division pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446 because, as set forth below, Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**The Lawsuit**

1. This action was originally filed on or about July 17, 2014 in Warren County Superior Court, Law Division. The case was numbered and styled by that court as *Lisa Thomas v. 843 Wilbur Avenue Operations, LLC, Genesis NJ Holdings, LLC, Genesis HealthCare, LLC,*

*Genesis HealthCare Corporation, ABC Corporations 1-10, and John Does 1-10*, WRN-L-226-14 *(*the "State Court Action"). A true and correct copy of Plaintiff's State Court Action *Complaint* is attached hereto as Exhibit "A."

2. Plaintiff, through her State Court Action *Complaint* levies claims against Defendants stemming from the termination of her employment on October 25, 2013. Plaintiff's claims against Defendants include: (1) violations of the New Jersey Law Against Discrimination (N.J.S.A. 10:5-12) ("NJLAD"); (2) defamation; (3) Workers' Compensation Retaliation; and (4) wrongful discharge in violation of public policy. Further, plaintiff seeks damages and remuneration in the form of: compensatory damages, punitive damages, attorney's fees, costs, and prejudgment interest. <u>See generally</u> Exhibit "A." The NJLAD provides a successful plaintiff with a statutory basis for recovery of the aforementioned damages.

3. On July 31, 2014, Defendant Genesis Healthcare, LLC was served with original process via its Registered Agent. On August 4, 2014, Defendant Genesis NJ Holdings LLC was also served with original process. A true and correct copy of the executed process documents are attached hereto as Exhibit "B." To date, the remaining Defendants have not been properly served with original process.

**The Parties**

4. Upon information and belief, Plaintiff was at all times material, including the present, a citizen of New Jersey.

5. Defendants 843 Wilbur Avenue Operations LLC, Genesis NJ Holdings LLC, and Genesis HealthCare LLC are all limited liability companies. The members of 843 Wilbur Avenue Operations LLC, Genesis NJ Holdings LLC, and Genesis HealthCare LLC are not citizens of New Jersey.

6. Defendant Genesis HealthCare Corporation is incorporated under the laws of the Commonwealth of Pennsylvania with a principal place of business in Ohio.

**Basis for Removal: Diversity Jurisdiction**

7. Removal is proper pursuant to 28 U.S.C. 1441(a) because this is a civil action brought in State Court over which this Court has original jurisdiction based on diversity of citizenship. This action could have originally been brought in federal court on the basis of diversity of citizenship because:

(a) Plaintiff is, and was at the time suit was filed, a resident and citizen of New Jersey;

(b) Defendants are, and were at the time suit was filed, foreign corporate entities for purposes of establishing diversity jurisdiction[1];

(c) the amount in controversy in this case exceeds $75,000, exclusive of interest and costs; and

(d) Defendants collectively consent to the removal of this matter.

See 28 U.S.C. § 1332(a).

**Removal Is Timely**

8. Defendant Genesis Healthcare LLC – the first Defendant properly served with original process – was served on July 31, 2014.

9. Removal is timely because this case was removed within 30 days from the date that the first Defendant served with process. See 28 U.S.C. § 1446(b).

**Amount in Controversy**

10. Plaintiff seeks a litany of damages, including compensatory damages for lost wages stemming back to October 2013, punitive damages, and attorney's fees. Given Plaintiff's

[1] See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir.2010) (A limited liability company is only a citizen of those states in which its members are citizens.)

wage loss claim, claims for punitive damages, and claims for attorney's fees, Plaintiff's alleged damages readily exceed the $75,000 threshold established by 28 U.S.C. § 1332(a).

11. Where a case has been removed from state court, the amount in controversy analysis begins with a review of the complaint filed originally in the state court. Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 398 (3d Cir. 2004). A court's "determination of the amount in controversy must be based . . . not by the low end of an open-ended claim, but by a reasonable reading of the value of rights being litigated." Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993); see also Werwinski v. Ford Motor Co., 286 F.3d 661 (3d Cir. 2002). Further, potential punitive damages are considered part of the amount in controversy. Frederico v. Home Depot, 507 F.3d 188, 199 (3d Cir. 2007). Similarly, the Third Circuit has also held that, in calculating the amount in controversy, a court must consider potential attorney's fees. Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997).

**Proper Venue**

12. The United States District Court for the District of New Jersey, Trenton Division embraces Warren County, the county in which the State Court Action is now pending. Therefore, this Court is a proper venue for removal of this action pursuant to 28 U.S.C. § 124(b)(2).

**Other Matters**

13. Attached hereto are copies of the following documents required by 28 U.S.C. § 1446(a) and the Local Civil Rules:[2]

(a) Plaintiff's State Court Action *Complaint* (Exhibit "A");

(b) all executed process in the state court action (Exhibit "B"); and

[2] Note, Defendants have not yet filed an *Answer* to Plaintiff's *Complaint*, nor have any Orders issued in connection with the State Court Action.

(d) the state court docket sheet (Exhibit "C").

**State Court Notification and Notice to All Counsel of Record**

14. Pursuant to 28 U.S.C. § 1446(d) a copy of this Notice of Removal will be timely filed with the clerk of the state court in which the action has been pending. A copy of the Notification of Removal is attached hereto as Exhibit "D."

15. This Notice of Removal has been served on all named parties to the removed case as set forth in the attached certificate of service.

Dated: August 26, 2014

Respectfully submitted,

/s/ Karen P. Gaster

Karen P. Gaster, Esquire
Michael P. Avila, Esquire
RUBIN, FORTUNATO & HARBISON P.C.
10 South Leopard Road, Paoli, PA 19301
Tel. (610) 408-2017/2035
*Attorneys for Defendants*
*843 Wilbur Avenue Operations LLC,*
*Genesis NJ Holdings LLC,*
*Genesis HealthCare LLC, and*
*Genesis HealthCare Corporation*

## CERTIFICATE OF SERVICE

I, Karen P. Gaster, Esquire, hereby certify that a true and correct copy of *Defendants' Notice of Removal* was served on the date below via UPS Overnight Delivery and electronic mail as follows:

Steven R. Srenaski, Esquire
Florio, Perrucci, Steinhardt & Fader, LLC
235 Broubalow Way
Phillipsburg, NJ 08865

*Attorneys for Plaintiff*

Dated: August 26, 2014

/s/ Karen P. Gaster
Karen P. Gaster, Esquire

# EXHIBIT "A"

Florio Perrucci Steinhardt & Fader, LLC
235 Broubalow Way
Phillipsburg, NJ 08865
Steven R. Srenaski, Esq.
Attorney ID: 026412004
Attorney for Plaintiff, Lisa Thomas

RECEIVED/FILED SUPERIOR COURT OF N.J. WARREN COUNTY 2014 JUL 17 A 11: 31 DEPUTY CLERK CIVIL DIV.

RECEIVED/FILED SUPERIOR COURT OF N.J. WARREN COUNTY 2014 JUL 10 A 11: 12 DEPUTY CLERK CIVIL DIV.

| | |
|---|---|
| Lisa Thomas,<br><br>Plaintiff,<br><br>v<br><br>843 Wilbur Avenue Operations, L.L.C., Genesis NJ Holdings, LLC, and/or Genesis HealthCare L.L.C., d/b/a Genesis HealthCare, Genesis HealthCare Corporation, ABC Corporations 1 – 10, and John Does 1 – 10<br><br>Defendants, | SUPERIOR COURT OF NEW JERSEY<br>WARREN COUNTY; LAW DIVISION<br><br>DOCKET NO.: WRN-L-226-14<br><br>CIVIL MATTER<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Lisa Thomas, individually, by and through her attorneys, Florio, Perrucci, Steinhardt & Fader, LLC, bring the within complaint against Defendants and in support thereof avers as follows:

## THE PARTIES

1. Plaintiff, Lisa Thomas (hereafter "Plaintiff"), is an adult female, who is a citizen of the United States and the State of New Jersey who resides in the Town of Phillipsburg, County of Warren, and State of New Jersey.

2. Upon information and belief, Defendant, 843 Wilbur Avenue Operations, LLC, is a New Jersey limited liability company with a principal place of business at 843 Wilbur Avenue, Phillipsburg, New Jersey, which operates a skilled nursing facility at that address.

3. Defendant 843 Wilbur Avenue Operations, L.L.C. was at all times relevant hereto, the Plaintiff's employer and an "employer" within the definition of the New Jersey Law Against Discrimination.

4. Upon information and belief, Defendant Genesis NJ Holdings, L.L.C. is a New Jersey limited liability company with a principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey, which serves as a New Jersey holding company for the Genesis HealthCare Corporation.

5. Defendant Genesis NJ Holdings, L.L.C. was at all times relevant hereto, the Plaintiff's employer and an "employer" within the definition of the New Jersey Law Against Discrimination.

6. Upon information and belief, Defendant Genesis HealthCare, L.L.C. is a New Jersey limited liability company with a principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey.

7. Defendant Genesis HealthCare, L.L.C. was at all times relevant hereto, the Plaintiff's employer and an "employer" within the definition of the New Jersey Law Against Discrimination.

8. Genesis HealthCare Corporation (hereafter "Genesis HealthCare") is a Pennsylvania business corporation having a principal place of business at 101 East State Street, Kenneth Square, Pennsylvania, 19348. At all times relevant hereto, Genesis HealthCare was the Plaintiff's employer and an "employer" within the definition of the New Jersey Law Against Discrimination.

9. Defendant ABC Corporations 1-10 are fictitious names for entities, whose real names are unknown to Plaintiff in the event that neither one of the Defendants named herein

were the legal employer of the Plaintiff. Alternatively, ABC Corporations 1-10 are the successor and have successor liability. Or alternatively, ABC Corporations 1-10 are entities or persons that have responsibility for Plaintiffs injuries. Plaintiff reserves the right to amend this complaint, should the actual facts warrant same.

10. Defendants John Does 1-10 are individuals who are owners, partner, principals, interest holder, shareholders, agents, members, and/or other representatives and employees of Defendants.

11. At all times relevant here to, Defendants acted through their agents, servants and employees, each of whom also at all relevant times acted within the scope of his/her employment.

**THE FACTS**

12. Plaintiff is an adult female.

13. At all times relevant hereto, Plaintiff was employed by the Defendants as a dietary cook/aide.

14. Plaintiff commenced employment with Defendants on or about August 8, 2006.

15. At all times relevant hereto, Plaintiff performed her work for Defendants in a professional and competent manner.

16. At all times relevant hereto, Plaintiff was a female and gay and therefore was member of protected classes under the New Jersey Law Against Discrimination ("NJLAD") on the basis of gender and sexual orientation.

17. At all times relevant hereto, Defendants were aware of Plaintiff's sexual orientation.

18. During the course of her employment with Defendants, Plaintiff was subject to a hostile work environment and harassment on the basis of her gender and sexual orientation, which included but is not limited to:

(a) Derogatory statements and harassing acts, which included the placement of a photograph of sexual device - commonly referred to as a "strap-on dildo" – in the Plaintiff's work mailbox with the caption "This is Lisa" immediately affixed below the photograph;

(b) Being subject to harassing acts and physical intimidation by employees, including bullying behavior such as "keying" her vehicle, yelling at her, directing profanity at her, throwing items, and making physical contact with her.

(c) Responding to the Plaintiff's lawfully protected activity of making complaints to the Defendants about such discriminatory behavior by purposely engaging in a sham investigation that had no intention of actually apprehending and punishing the offending employees (and included the placement of a non-functioning camera in the area near the employee mailboxes with the knowledge that the camera was inoperable and incapable of capturing any unlawful conduct on video);

(d) Disparate treatment on the basis of gender and sexual orientation, which included the Defendants openly and falsely accusing the Plaintiff of engaging in misconduct and specifically of "creating a

hostile work environment" and "harassment" against another female employee;

(e) Terminating the Plaintiff's employment on the basis of her gender and sexual orientation and in retaliation for making complaints of such unlawful behavior; and

(f) Slandering and defaming the Plaintiff by publicizing false allegations and the fact of her termination to members of the community, including resident's families and other employers in the industry.

19. During the course of her employment with Defendants, Plaintiff complained about the health and safety conditions of the food preparation facilities.

20. In fact, in two separate instances the Plaintiff received workplace injuries for which she filed for and received workers compensation benefits.

21. Plaintiff's applications for relief pursuant to the New Jersey Workers' Compensation Law was lawfully protected activity and it is unlawful to retaliate against an employee for pursuing such legal relief.

22. Plaintiff suffered adverse employment action as a result of availing herself of legal relief for her workplace injuries, whereupon said actions include but are not limited to termination from employment.

## FIRST COUNT

### VIOLATIONS OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

23. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

24. Plaintiff has experienced unlawful discrimination, harassment, disparate treatment, and hostile work environment based on her gender and sexual orientation.

25. As a direct and proximate result of the Defendants' action and/or inaction, the Plaintiff was subjected to substantial damages, including but not limited to loss of employment and wages, loss of benefits, loss of future wages and benefits, diminished employability and career opportunities and losses, diminished future wages and benefits, and further subjected to humiliation, past, present and future emotional stress, trauma and psychological injury.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory and punitive damages, attorney's fees pursuant to N.J.S.A. 10:5-27.1, and costs of suit, prejudgment interest, together with such other relief as the Court deems just and proper.

## SECOND COUNT

### VIOLATIONS OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

26. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

27. Plaintiff engaged in protected activity by making complaints to her supervisors about being subjected to unlawful harassment, intimidation, hostile work

environment and similar unlawful conduct on the basis of her gender and sexual orientation.

28. Plaintiff was thereafter subjected to adverse employment action in retaliation for engaging in the aforementioned protected activity, which includes but is not limited to her termination from employment on or about October 25, 2013.

29. As a direct and proximate result of the Defendants' action and/or inaction, the Plaintiff was subjected to substantial damages, including but not limited to loss of employment and wages, loss of benefits, loss of future wages and benefits, diminished employability and career opportunities and losses, diminished future wages and benefits, and further subjected to humiliation, past, present and future emotional stress, trauma and psychological injury.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory and punitive damages, attorney's fees pursuant to N.J.S.A. 10:5-27.1, and costs of suit, prejudgment interest, together with such other relief as the Court deems just and proper.

**THIRD COUNT**

**DEFAMATION**

30. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

31. A prima facie claim of defamation is shown when (1) there is an assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher.

32. Defendants asserted false and defamatory statements to members of community, including the residents' families, and, upon information and belief, to local employers within the industry, that Plaintiff had engaged in various acts of misconduct including harassment and creating a hostile work environment, and publicizing the fact of her termination resulting from such falsely alleged acts.

33. Defendants also asserted such false and defamatory statements to the New Jersey Department of Labor and Workforce Development, indicating therein that Plaintiff was terminated for "severe misconduct" and "misconduct" for creating a hostile work environment and harassment of female co-workers.

34. Defendants made such statements, i.e., "hostile work environment", knowing that they are legally operative terms associated with unlawful behavior and unlawful acts of discrimination under the NJLAD.

35. After holding a proper hearing, the New Jersey Department of Labor and Workforce Development found that there was no reason to deny unemployment benefits to Plaintiff.

36. Defendants' statements were false and were negligently, intentionally, and maliciously published to third parties to injure the Plaintiff.

37. Defendants' actions are not protected by any legal privilege.

38. As a direct and proximate result of the Defendants' actions and/or inaction, the Plaintiff was subjected to substantial damages, including but not limited to loss of employment and wages, loss of benefits, loss of future wages and benefits, diminished employability and career opportunities and losses, diminished future

wages and benefits, and further subjected to humiliation, past, present and future emotional stress, trauma and psychological injury.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory and punitive damages, attorney's fees and costs of suit, prejudgment interest, together with such other relief as the Court deems just and proper.

## FOURTH COUNT

## WORKERS COMPENSATION RETALIATION/WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

39. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

40. On or about March 28, 2008, Plaintiff was injured in a workplace accident when a window was released from the frame and fell on her. Due to the accident, Plaintiff sustained injuries to her back.

41. Following her injury, Plaintiff filed for workers' compensation benefits.

42. On or about February 10, 2011, Plaintiff was involved in a second workplace accident when a milk delivery cart restrained her against a wall and resulted in an aggravation of her prior 2008 workplace injury.

43. After Plaintiff filed for workers' compensation benefits, Defendants unlawfully retaliated against her.

44. The retaliation against Plaintiff was contrary to a clear mandate of public policy as it violated both statutory and common law prohibitions of such conduct.

45. Defendants' actions violated the anti-retaliation provision under the Workers' Compensation Law, N.J.S.A. 34:15-1 et seq. and related common law theories under Pierce v. Ortho Pharmaceutical.

46. As a direct and proximate result of the Defendants' action and/or inaction, the Plaintiff was subjected to substantial damages, including but not limited to loss of employment and wages, loss of benefits, loss of future wages and benefits, diminished employability and career opportunities and losses, diminished future wages and benefits, and further subjected to humiliation, past, present and future emotional stress, trauma and psychological injury.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory and punitive damages, attorney's fees, and costs of suit, prejudgment interest, together with such other relief as the Court deems just and proper.

**RULE 4:5-1 CERTIFICATION**

I, STEVEN R. SRENASKI, hereby certify, pursuant to New Jersey Court Rule 4:5-1, that to the best of my knowledge, the claims raised herein are not subject of any other actions pending in any Court or the subject of any arbitration proceeding, and no such other action or arbitration is contemplated.

I certify that the foregoing statements made by me are true to my personal knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment by perjury.

**JURY DEMAND**

Plaintiff hereby demands trial by jury with respect to all issues so triable.

**TRIAL ATTORNEY DESIGNATION**

PLEASE TAKE NOTICE that STEVEN R. SRENASKI, ESQUIRE, is hereby designation as trial counsel in the above captioned litigation pursuant to the New Jersey Court Rules.

By: ______________________

Steven R. Srenaski, Esquire
FLORIO, PERRUCCI,
STEINHARDT & FADER, LLC.
235 Broubalow Way
Phillipsburg, New Jersey 08865
Telephone: (908) 454-8300
Fax: (908) 454-5827
Attorneys for Plaintiff, Lisa Thomas

Dated: 7/8/14

# EXHIBIT "B"

CSC®

CORPORATION SERVICE COMPANY®

null / LABOR
Transmittal Number: 12804604
Date Processed: 08/04/2014

# Notice of Service of Process

**Primary Contact:** Lisa C. Holahan
Genesis HealthCare LLC
101 E. State Street
Kennett Square, PA 19348

| | |
|---|---|
| **Entity:** | Genesis NJ Holdings LLC<br>Entity ID Number 2629253 |
| **Entity Served:** | Genesis NJ Holdings, L.L.C. |
| **Title of Action:** | Lisa Thomas vs. 843 Wilbur Avenue Operations, L.L.C. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Warren County Superior Court, New Jersey |
| **Case/Reference No:** | WRN-L-226-14 |
| **Jurisdiction Served:** | New Jersey |
| **Date Served on CSC:** | 08/04/2014 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Steven R. Srenaski<br>908-454-8300 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

CORPORATION SERVICE COMPANY®

TV / ALL
**Transmittal Number: 12794334**
**Date Processed: 08/01/2014**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Lisa C. Holahan<br>Genesis HealthCare LLC<br>101 E. State Street<br>Kennett Square, PA 19348 |

| | |
|---|---|
| **Entity:** | Genesis Healthcare LLC<br>Entity ID Number 2970459 |
| **Entity Served:** | Genesis HealthCare, L.L.C. |
| **Title of Action:** | Lisa Thomas vs. 843 Wilbur Avenue Operations, L.L.C. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Warren County Superior Court, New Jersey |
| **Case/Reference No:** | WRN-L-226-14 |
| **Jurisdiction Served:** | New Jersey |
| **Date Served on CSC:** | 07/31/2014 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Steven R. Srenaski<br>908-454-8300 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

FPSF FLORIO PERRUCCI STEINHARDT & FADER LLC
Attorneys at Law

Steven R. Srenaski, Esq.
*ssrenaski@fpsflawfirm.com*
*x. 1115*
***REPLY TO PHILLIPSBURG OFFICE***

July 29, 2014

**Via Certified Mail/Return Receipt Requested**
**& Regular Mail**

Genesis HealthCare, L.L.C.
830 Bear Tavern Road
West Trenton, NJ 08628

**Re: Lisa Thomas v. 843 Wilbur Avenue Operations, L. L. C., Genesis NJ Holdings, LLC , and/or Genesis HealthCare L.L.C., d/b/a Genesis HealthCare, Genesis HealthCare Corporation**
**Docket No.: WRL-L-226-14**

To Whom it May Concern:

Please be advised that this firm represents Plaintiff, Lisa Thomas, in connection with the above-referenced matter.

Enclosed herein please find a Summons and Complaint in the above-referenced matter along with an Acknowledgment of Service, being served upon you. I ask if you will kindly accept service on behalf of Genesis HealthCare, L.L.C., by signing the enclosed Acknowledgement and returning to me in the enclosed self-addressed stamped envelope.

Thank you for your prompt attention in this matter.

Very truly yours,

Steven R. Srenaski, Esq.

SRS/nfc
Enclosures
cc: Lisa Thomas (via: Regular Mail)

Florio Perrucci Steinhardt & Fader, LLC
235 Broubalow Way
Phillipsburg, NJ 08865
Steven R. Srenaski, Esq.
Attorney ID: 026412004
Attorney for Plaintiff, Lisa Thomas

| | |
|---|---|
| Lisa Thomas,<br><br>Plaintiff,<br><br>v<br><br>843 Wilbur Avenue Operations, L.L.C., Genesis NJ Holdings, LLC, and/or Genesis HealthCare L.L.C., d/b/a Genesis HealthCare, Genesis HealthCare Corporation, ABC Corporations 1 – 10, and John Does 1 – 10<br><br>Defendants, | SUPERIOR COURT OF NEW JERSEY<br>WARREN COUNTY; LAW DIVISION<br><br>DOCKET NO.: WRN-L-226-14<br><br>CIVIL MATTER<br><br>**ACKNOWLEDGEMENT OF SERVICE** |

TO: Genesis HealthCare L.L.C.
830 Bear Tavern Road
West Trenton, NJ 08628

Service of Plaintiff Lisa Thomas' Complaint in the above captioned matter is hereby acknowledged this ____ day of __________ 2014.

______________________________ ______________________________

Name & title of individual acknowledging receipt Signature

# SUMMONS

Attorney(s) Florio Perrucci Steinhardt & Fader, LLC
Office Address 235 Broubalow Way
Town, State, Zip Code Phillispburg, NJ 08865

Telephone Number (908) 454-8300
Attorney(s) for Plaintiff Steven R. Srenaski, Esq.

Lisa Thomas

Plaintiff(s)

Vs.

843 Wilbur Avenue Operations, L.L.C., et al

Defendant(s)

**Superior Court of New Jersey**

WARREN COUNTY

LAW DIVISION

Docket No: WRN-L-226-14

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Clerk of the Superior Court

DATED: 7/29/2014

Name of Defendant to Be Served: Genesis HealthCare, L.L.C.

Address of Defendant to Be Served: 830 Bear Tavern Road, West Trenton, NJ, 08628

WARREN COUNTY SUPERIOR COURT
CIVIL DIVISION
413 SECOND STREET
BELVIDERE NJ 07823

RECEIVED

JUL 23 2014

FLORIO, PERRUCCI, STEINHARDT & FADER, L.L.C

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (908) 475-6144
COURT HOURS 8:30 AM - 4:30 PM

DATE: JULY 18, 2014
RE: THOMAS LISA VS 843 WILBUR AVE OPERATIONS
DOCKET: WRN L -000226 14

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 3.

DISCOVERY IS 450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON JOHN H. PURSEL

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 001 AT: (908) 475-6146.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.

PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: STEVEN R. SRENASKI
FLORIO PERRUCCI STEINHARDT & F
235 BROUBALOW WAY
PHILLIPSBURG NJ 08865

JUTLIP4

RECEIVED/FILED SUPERIOR COURT OF N.J. WARREN COUNTY 2014 JUL 10 A 11: 12 DEPUTY CLERK CIVIL DIVISION

**Appendix XII-B1**

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

FOR USE BY CLERK'S OFFICE ONLY
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| | | |
|---|---|---|
| 1. ATTORNEY / PRO SE NAME<br>Steven R. Srenaski, Esq. | 2. TELEPHONE NUMBER<br>(908) 454-8300 | 3. COUNTY OF VENUE<br>Warren |
| 4. FIRM NAME (if applicable)<br>Florio Perrucci Steinhardt & Fader, LLC | | 5. DOCKET NUMBER (when available)<br>WRN-L-226-14 |
| 6. OFFICE ADDRESS<br>235 Broubalow Way<br>Phillipsburg, NJ 08865 | | 7. DOCUMENT TYPE<br>Complaint<br>8. JURY DEMAND ■ YES ☐ NO |
| 9. NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Lisa Thomas, Plaintiff | 10. CAPTION<br>Lisa Thomas v 843 Wilbur Avenue Operations, L.L.C., Genesis NJ Holdings, LLC, and/or Genesis HealthCare L.L.C., d/b/a Genesis HealthCare, Genesis HealthCare Corporation, et al | |
| 11. CASE TYPE NUMBER (See reverse side for listing)<br>618 | 12. HURRICANE SANDY RELATED? ☐ YES ■ NO | 13. IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| 14. RELATED CASES PENDING?<br>☐ YES ■ NO | 15. IF YES, LIST DOCKET NUMBERS | |
| 16. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?<br>☐ YES ■ NO | 17. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE ■ UNKNOWN | |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| | |
|---|---|
| 18. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES ■ NO | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |
| 19. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ■ YES ☐ NO | |
| 20. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION | |
| 21. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
| 22. WILL AN INTERPRETER BE NEEDED?<br>☐ YES ■ NO | IF YES, FOR WHAT LANGUAGE? |

RECEIVED/FILED SUPERIOR COURT OF N.J. WARREN COUNTY 2014 JUL 17 A 11: 3 DEPUTY CLERK CIVIL DIVISION

**23. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

24. ATTORNEY SIGNATURE: [signature]

Side 2

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

**Track III - 450 days' discovery**
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
266 HORMONE REPLACEMENT THERAPY (HRT)
271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
278 ZOMETA/AREDIA
279 GADOLINIUM
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
284 NUVARING
285 STRYKER TRIDENT HIP IMPLANTS
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
288 PRUDENTIAL TORT LITIGATION
289 REGLAN
290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297 MIRENA CONTRACEPTIVE DEVICE
601 ASBESTOS
623 PROPECIA

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59**

Florio Perrucci Steinhardt & Fader, LLC
235 Broubalow Way
Phillipsburg, NJ 08865
Steven R. Srenaski, Esq.
Attorney ID: 026412004
Attorney for Plaintiff, Lisa Thomas

RECEIVED/FILED SUPERIOR COURT OF N.J. WARREN COUNTY
2014 JUL 17 A 11: 31
DEPUTY CLERK CIVIL DIVISION

RECEIVED/FILED SUPERIOR COURT OF N.J. WARREN COUNTY
2014 JUL 10 A 11: 12
DEPUTY CLERK CIVIL DIVISION

| | |
|---|---|
| Lisa Thomas,<br><br>Plaintiff,<br><br>v<br><br>843 Wilbur Avenue Operations, L.L.C., Genesis NJ Holdings, LLC, and/or Genesis HealthCare L.L.C., d/b/a Genesis HealthCare, Genesis HealthCare Corporation, ABC Corporations 1 – 10, and John Does 1 – 10<br><br>Defendants, | SUPERIOR COURT OF NEW JERSEY<br>WARREN COUNTY; LAW DIVISION<br><br>DOCKET NO.: WRN-L-226-14<br><br>CIVIL MATTER<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Lisa Thomas, individually, by and through her attorneys, Florio, Perrucci, Steinhardt & Fader, LLC, bring the within complaint against Defendants and in support thereof avers as follows:

**THE PARTIES**

1. Plaintiff, Lisa Thomas (hereafter "Plaintiff"), is an adult female, who is a citizen of the United States and the State of New Jersey who resides in the Town of Phillipsburg, County of Warren, and State of New Jersey.

2. Upon information and belief, Defendant, 843 Wilbur Avenue Operations, LLC, is a New Jersey limited liability company with a principal place of business at 843 Wilbur Avenue, Phillipsburg, New Jersey, which operates a skilled nursing facility at that address.

3. Defendant 843 Wilbur Avenue Operations, L.L.C. was at all times relevant hereto, the Plaintiff's employer and an "employer" within the definition of the New Jersey Law Against Discrimination.

4. Upon information and belief, Defendant Genesis NJ Holdings, L.L.C. is a New Jersey limited liability company with a principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey, which serves as a New Jersey holding company for the Genesis HealthCare Corporation.

5. Defendant Genesis NJ Holdings, L.L.C. was at all times relevant hereto, the Plaintiff's employer and an "employer" within the definition of the New Jersey Law Against Discrimination.

6. Upon information and belief, Defendant Genesis HealthCare, L.L.C. is a New Jersey limited liability company with a principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey.

7. Defendant Genesis HealthCare, L.L.C. was at all times relevant hereto, the Plaintiff's employer and an "employer" within the definition of the New Jersey Law Against Discrimination.

8. Genesis HealthCare Corporation (hereafter "Genesis HealthCare") is a Pennsylvania business corporation having a principal place of business at 101 East State Street, Kenneth Square, Pennsylvania, 19348. At all times relevant hereto, Genesis HealthCare was the Plaintiff's employer and an "employer" within the definition of the New Jersey Law Against Discrimination.

9. Defendant ABC Corporations 1-10 are fictitious names for entities, whose real names are unknown to Plaintiff in the event that neither one of the Defendants named herein

were the legal employer of the Plaintiff. Alternatively, ABC Corporations 1-10 are the successor and have successor liability. Or alternatively, ABC Corporations 1-10 are entities or persons that have responsibility for Plaintiffs injuries. Plaintiff reserves the right to amend this complaint, should the actual facts warrant same.

10. Defendants John Does 1-10 are individuals who are owners, partner, principals, interest holder, shareholders, agents, members, and/or other representatives and employees of Defendants.

11. At all times relevant here to, Defendants acted through their agents, servants and employees, each of whom also at all relevant times acted within the scope of his/her employment.

**THE FACTS**

12. Plaintiff is an adult female.

13. At all times relevant hereto, Plaintiff was employed by the Defendants as a dietary cook/aide.

14. Plaintiff commenced employment with Defendants on or about August 8, 2006.

15. At all times relevant hereto, Plaintiff performed her work for Defendants in a professional and competent manner.

16. At all times relevant hereto, Plaintiff was a female and gay and therefore was member of protected classes under the New Jersey Law Against Discrimination ("NJLAD") on the basis of gender and sexual orientation.

17. At all times relevant hereto, Defendants were aware of Plaintiff's sexual orientation.

18. During the course of her employment with Defendants, Plaintiff was subject to a hostile work environment and harassment on the basis of her gender and sexual orientation, which included but is not limited to:

(a) Derogatory statements and harassing acts, which included the placement of a photograph of sexual device - commonly referred to as a "strap-on dildo" – in the Plaintiff's work mailbox with the caption "This is Lisa" immediately affixed below the photograph;

(b) Being subject to harassing acts and physical intimidation by employees, including bullying behavior such as "keying" her vehicle, yelling at her, directing profanity at her, throwing items, and making physical contact with her.

(c) Responding to the Plaintiff's lawfully protected activity of making complaints to the Defendants about such discriminatory behavior by purposely engaging in a sham investigation that had no intention of actually apprehending and punishing the offending employees (and included the placement of a non-functioning camera in the area near the employee mailboxes with the knowledge that the camera was inoperable and incapable of capturing any unlawful conduct on video);

(d) Disparate treatment on the basis of gender and sexual orientation, which included the Defendants openly and falsely accusing the Plaintiff of engaging in misconduct and specifically of "creating a

hostile work environment" and "harassment" against another female employee;

(e) Terminating the Plaintiff's employment on the basis of her gender and sexual orientation and in retaliation for making complaints of such unlawful behavior; and

(f) Slandering and defaming the Plaintiff by publicizing false allegations and the fact of her termination to members of the community, including resident's families and other employers in the industry.

19. During the course of her employment with Defendants, Plaintiff complained about the health and safety conditions of the food preparation facilities.

20. In fact, in two separate instances the Plaintiff received workplace injuries for which she filed for and received workers compensation benefits.

21. Plaintiff's applications for relief pursuant to the New Jersey Workers' Compensation Law was lawfully protected activity and it is unlawful to retaliate against an employee for pursuing such legal relief.

22. Plaintiff suffered adverse employment action as a result of availing herself of legal relief for her workplace injuries, whereupon said actions include but are not limited to termination from employment.

## FIRST COUNT

### VIOLATIONS OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

23. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

24. Plaintiff has experienced unlawful discrimination, harassment, disparate treatment, and hostile work environment based on her gender and sexual orientation.

25. As a direct and proximate result of the Defendants' action and/or inaction, the Plaintiff was subjected to substantial damages, including but not limited to loss of employment and wages, loss of benefits, loss of future wages and benefits, diminished employability and career opportunities and losses, diminished future wages and benefits, and further subjected to humiliation, past, present and future emotional stress, trauma and psychological injury.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory and punitive damages, attorney's fees pursuant to N.J.S.A. 10:5-27.1, and costs of suit, prejudgment interest, together with such other relief as the Court deems just and proper.

## SECOND COUNT

### VIOLATIONS OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

26. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

27. Plaintiff engaged in protected activity by making complaints to her supervisors about being subjected to unlawful harassment, intimidation, hostile work

environment and similar unlawful conduct on the basis of her gender and sexual orientation.

28. Plaintiff was thereafter subjected to adverse employment action in retaliation for engaging in the aforementioned protected activity, which includes but is not limited to her termination from employment on or about October 25, 2013.

29. As a direct and proximate result of the Defendants' action and/or inaction, the Plaintiff was subjected to substantial damages, including but not limited to loss of employment and wages, loss of benefits, loss of future wages and benefits, diminished employability and career opportunities and losses, diminished future wages and benefits, and further subjected to humiliation, past, present and future emotional stress, trauma and psychological injury.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory and punitive damages, attorney's fees pursuant to N.J.S.A. 10:5-27.1, and costs of suit, prejudgment interest, together with such other relief as the Court deems just and proper.

**THIRD COUNT**

**DEFAMATION**

30. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

31. A prima facie claim of defamation is shown when (1) there is an assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher.

32. Defendants asserted false and defamatory statements to members of community, including the residents' families, and, upon information and belief, to local employers within the industry, that Plaintiff had engaged in various acts of misconduct including harassment and creating a hostile work environment, and publicizing the fact of her termination resulting from such falsely alleged acts.

33. Defendants also asserted such false and defamatory statements to the New Jersey Department of Labor and Workforce Development, indicating therein that Plaintiff was terminated for "severe misconduct" and "misconduct" for creating a hostile work environment and harassment of female co-workers.

34. Defendants made such statements, i.e., "hostile work environment", knowing that they are legally operative terms associated with unlawful behavior and unlawful acts of discrimination under the NJLAD.

35. After holding a proper hearing, the New Jersey Department of Labor and Workforce Development found that there was no reason to deny unemployment benefits to Plaintiff.

36. Defendants' statements were false and were negligently, intentionally, and maliciously published to third parties to injure the Plaintiff.

37. Defendants' actions are not protected by any legal privilege.

38. As a direct and proximate result of the Defendants' actions and/or inaction, the Plaintiff was subjected to substantial damages, including but not limited to loss of employment and wages, loss of benefits, loss of future wages and benefits, diminished employability and career opportunities and losses, diminished future

wages and benefits, and further subjected to humiliation, past, present and future emotional stress, trauma and psychological injury.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory and punitive damages, attorney's fees and costs of suit, prejudgment interest, together with such other relief as the Court deems just and proper.

## FOURTH COUNT

## WORKERS COMPENSATION RETALIATION/WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

39. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

40. On or about March 28, 2008, Plaintiff was injured in a workplace accident when a window was released from the frame and fell on her. Due to the accident, Plaintiff sustained injuries to her back.

41. Following her injury, Plaintiff filed for workers' compensation benefits.

42. On or about February 10, 2011, Plaintiff was involved in a second workplace accident when a milk delivery cart restrained her against a wall and resulted in an aggravation of her prior 2008 workplace injury.

43. After Plaintiff filed for workers' compensation benefits, Defendants unlawfully retaliated against her.

44. The retaliation against Plaintiff was contrary to a clear mandate of public policy as it violated both statutory and common law prohibitions of such conduct.

45. Defendants' actions violated the anti-retaliation provision under the Workers' Compensation Law, N.J.S.A. 34:15-1 et seq. and related common law theories under Pierce v. Ortho Pharmaceutical.

46. As a direct and proximate result of the Defendants' action and/or inaction, the Plaintiff was subjected to substantial damages, including but not limited to loss of employment and wages, loss of benefits, loss of future wages and benefits, diminished employability and career opportunities and losses, diminished future wages and benefits, and further subjected to humiliation, past, present and future emotional stress, trauma and psychological injury.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory and punitive damages, attorney's fees, and costs of suit, prejudgment interest, together with such other relief as the Court deems just and proper.

**RULE 4:5-1 CERTIFICATION**

I, STEVEN R. SRENASKI, hereby certify, pursuant to New Jersey Court Rule 4:5-1, that to the best of my knowledge, the claims raised herein are not subject of any other actions pending in any Court or the subject of any arbitration proceeding, and no such other action or arbitration is contemplated.

I certify that the foregoing statements made by me are true to my personal knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment by perjury.

**JURY DEMAND**

Plaintiff hereby demands trial by jury with respect to all issues so triable.

**TRIAL ATTORNEY DESIGNATION**

PLEASE TAKE NOTICE that STEVEN R. SRENASKI, ESQUIRE, is hereby designation as trial counsel in the above captioned litigation pursuant to the New Jersey Court Rules.

By:____________________

Steven R. Srenaski, Esquire
FLORIO, PERRUCCI,
STEINHARDT & FADER, LLC.
235 Broubalow Way
Phillipsburg, New Jersey 08865
Telephone: (908) 454-8300
Fax: (908) 454-5827
Attorneys for Plaintiff, Lisa Thomas

Dated: 7/8/14

FPSF FLORIO PERRUCCI STEINHARDT & FADER

Attorneys at Law

235 Broubalow Way - Phillipsburg - New Jersey 08865

RECEIVED/FILED SUPERIOR COURT OF N.J. WARREN COUNTY
2014 JUL 10 A 11: 12
DEPUTY CLERK CIVIL DIVISION

JAMES J. FLORIO
MICHAEL J. PERRUCCI *^
DOUGLAS J. STEINHARDT ^
PAUL T. FADER
PARTNERS
LOUIS CAPPELLI, JR.
PHILIP J. MORIN III *
J. ANDREW KINSEY *^
BRIAN R. TIPTON *^
DONALD E. SOUDERS, JR. ^
MARK R. PECK
ELTIA I. MONTANO GALARZA
CHRISTINE HURST PERRUCCI *^
LESTER E. TAYLOR III ~
CHRISTIAN M. PERRUCCI ^
PADRAIG FLANAGAN ^
STEVAN A. SANDBERG*
JENNIFER A. VORHIES*
STEVEN R. SRENASKI ^*
RAVINDER S. BHALLA*
ASSOCIATES
CRAIG P. BOSSONG ^
EDWARD F. BRENNAN
ROBERT M. DONCHEZ ^
VERONICA P. HALLETT ^
SETH R. TIPTON ^*
JENNIFER SHAW *
MICHAEL R. PSATHAS*
JENNA A. ROTTENBERG*
RACHIT J. CHOKSI*
JASON ISOM
RACHEL CONSOLE
MICHELLE MURPHY
KATHARINE FINA
GARY GLEGHORN
OF COUNSEL
HON. ROBERT A. FREEDBERG ^
TERRENCE GRUBE ^
JOSEPH R. BOCK ^
JOHN F. NEARY
MICHAEL J. DIMARCO ^
GAIL B. GORDON ^
MICHAEL J. COZZILLIO^

MEMBER OF PA BAR ^
MEMBER OF NY BAR *
MEMBER OF MD BAR ~
MEMBER OF VA BAR >

July 8, 2014

From the Desk of:
Steven R. Srenaski, Esq.
(908) 454-8300
ssrenaski@fpsflawfirm.com

RECEIVED/FILED SUPERIOR COURT OF N.J. WARREN COUNTY
2014 JUL 17 A 11: 3
DEPUTY CLERK CIVIL DIVISION

Via: Regular Mail
Clerk, Superior Court of New Jersey
Warren County Courthouse
413 2nd Street, P.O. Box 900
Belvidere, NJ 07823

Re: Lisa Thomas v. 843 Wilbur Avenue Operations, L.L.C., Genesis NJ Holdings, LLC, and/or Genesis HealthCare L.L.C., d/b/a Genesis HealthCare, Genesis HealthCare Corporation, ABC Corporations 1 – 10, and John Does 1 – 10

Dear Clerk:

Please be advised that this office represents Plaintiff, Lisa Thomas, in the above matter.

Enclosed please find an original and one copy of a CIS and Complaint with Jury Demand which I request that you file and return a filed copy to me in the reply envelope provided. Kindly debit this firm's collateral account #141889 (c/m 51894.0002) for the filing fee.

Thank you for your anticipated cooperation in this matter.

Very truly yours,

Steven R. Srenaski, Esq.

SRS/nc
Enc.

FPSF FLORIO PERRUCCI STEINHARDT & FADER LLC
Attorneys at Law

Steven R. Srenaski, Esq.
*ssrenaski@fpsflawfirm.com*
*x. 1115*
***REPLY TO PHILLIPSBURG OFFICE***

July 29, 2014

**Via Certified Mail/Return Receipt Requested**
**& Regular Mail**

Genesis HealthCare, L.L.C.
830 Bear Tavern Road
West Trenton, NJ 08628

**Re: Lisa Thomas v. 843 Wilbur Avenue Operations, L. L. C., Genesis NJ Holdings, LLC , and/or Genesis HealthCare L.L.C., d/b/a Genesis HealthCare, Genesis HealthCare Corporation**
**Docket No.: WRL-L-226-14**

To Whom it May Concern:

Please be advised that this firm represents Plaintiff, Lisa Thomas, in connection with the above-referenced matter.

Enclosed herein please find a Summons and Complaint in the above-referenced matter along with an Acknowledgment of Service, being served upon you. I ask if you will kindly accept service on behalf of Genesis HealthCare, L.L.C., by signing the enclosed Acknowledgement and returning to me in the enclosed self-addressed stamped envelope.

Thank you for your prompt attention in this matter.

Very truly yours,

Steven R. Srenaski, Esq.

SRS/nfc
Enclosures
cc: Lisa Thomas (via: Regular Mail)

Florio Perrucci Steinhardt & Fader, LLC
235 Broubalow Way
Phillipsburg, NJ 08865
Steven R. Srenaski, Esq.
Attorney ID: 026412004
Attorney for Plaintiff, Lisa Thomas

| | |
|---|---|
| Lisa Thomas,<br><br>Plaintiff,<br><br>v<br><br>843 Wilbur Avenue Operations, L.L.C., Genesis NJ Holdings, LLC, and/or Genesis HealthCare L.L.C., d/b/a Genesis HealthCare, Genesis HealthCare Corporation, ABC Corporations 1 – 10, and John Does 1 – 10<br><br>Defendants, | SUPERIOR COURT OF NEW JERSEY<br>WARREN COUNTY; LAW DIVISION<br><br>DOCKET NO.: WRN-L-226-14<br><br>CIVIL MATTER<br><br>**ACKNOWLEDGEMENT OF SERVICE** |

TO: Genesis HealthCare L.L.C.
830 Bear Tavern Road
West Trenton, NJ 08628

Service of Plaintiff Lisa Thomas' Complaint in the above captioned matter is hereby acknowledged this ____ day of __________ 2014.

______________________________ ______________________________

Name & title of individual acknowledging receipt Signature

# SUMMONS

Attorney(s) Florio Perrucci Steinhardt & Fader, LLC
Office Address 235 Broubalow Way
Town, State, Zip Code Phillispburg, NJ 08865

Telephone Number (908) 454-8300
Attorney(s) for Plaintiff Steven R. Srenaski, Esq.

Lisa Thomas

Plaintiff(s)

Vs.

843 Wilbur Avenue Operations, L.L.C., et al

Defendant(s)

**Superior Court of New Jersey**

WARREN COUNTY
LAW DIVISION
Docket No: WRN-L-226-14

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michael M Smith
Clerk of the Superior Court

DATED: 7/29/2014

Name of Defendant to Be Served: Genesis HealthCare, L.L.C.

Address of Defendant to Be Served: 830 Bear Tavern Road, West Trenton, NJ, 08628

WARREN COUNTY SUPERIOR COURT
CIVIL DIVISION
413 SECOND STREET
BELVIDERE NJ 07823

RECEIVED

JUL 23 2014

FLORIO, PERRUCCI, STEINHARDT & FADER, L.L.C

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (908) 475-6144
COURT HOURS 8:30 AM - 4:30 PM

DATE: JULY 18, 2014
RE: THOMAS LISA VS 843 WILBUR AVE OPERATIONS
DOCKET: WRN L -000226 14

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 3.

DISCOVERY IS 450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON JOHN H. PURSEL

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 001 AT: (908) 475-6146.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.

PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: STEVEN R. SRENASKI
FLORIO PERRUCCI STEINHARDT & F
235 BROUBALOW WAY
PHILLIPSBURG NJ 08865

JUTLIP4

**Appendix XII-B1**

RECEIVED/FILED SUPERIOR COURT OF N.J. WARREN COUNTY 2014 JUL 10 A II: 12 DEPUTY CLERK CIVIL DIVISION

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1

**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

FOR USE BY CLERK'S OFFICE ONLY

PAYMENT TYPE: ☐ CK ☐ CG ☐ CA

CHG/CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

| | | |
|---|---|---|
| 1. ATTORNEY / PRO SE NAME<br>Steven R. Srenaski, Esq. | 2. TELEPHONE NUMBER<br>(908) 454-8300 | 3. COUNTY OF VENUE<br>Warren |
| 4. FIRM NAME (if applicable)<br>Florio Perrucci Steinhardt & Fader, LLC | | 5. DOCKET NUMBER (when available)<br>WRN-L-226-14 |
| 6. OFFICE ADDRESS<br>235 Broubalow Way<br>Phillipsburg, NJ 08865 | | 7. DOCUMENT TYPE<br>Complaint<br>8. JURY DEMAND ■ YES ☐ NO |
| 9. NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Lisa Thomas, Plaintiff | 10. CAPTION<br>Lisa Thomas v 843 Wilbur Avenue Operations, L.L.C., Genesis NJ Holdings, LLC, and/or Genesis HealthCare L.L.C., d/b/a Genesis HealthCare, Genesis HealthCare Corporation, et al | |
| 11. CASE TYPE NUMBER (See reverse side for listing)<br>618 | 12. HURRICANE SANDY RELATED? ☐ YES ■ NO | 13. IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| 14. RELATED CASES PENDING?<br>☐ YES ■ NO | 15. IF YES, LIST DOCKET NUMBERS | |
| 16. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?<br>☐ YES ■ NO | 17. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN | |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| | |
|---|---|
| 18. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES ■ NO | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |

19. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ■ YES ☐ NO

20. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

RECEIVED/FILED SUPERIOR COURT OF N.J. WARREN COUNTY 2014 JUL 11 A II: 3? DEPUTY CLERK CIVIL DIVISION

| | |
|---|---|
| 21. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
| 22. WILL AN INTERPRETER BE NEEDED?<br>☐ YES ■ NO | IF YES, FOR WHAT LANGUAGE? |

**23. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

24. ATTORNEY SIGNATURE: [signature]

Side 2

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 284 NUVARING
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 601 ASBESTOS
- 623 PROPECIA

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59**

Florio Perrucci Steinhardt & Fader, LLC
235 Broubalow Way
Phillipsburg, NJ 08865
Steven R. Srenaski, Esq.
Attorney ID: 026412004
Attorney for Plaintiff, Lisa Thomas

RECEIVED/FILED SUPERIOR COURT OF N.J. WARREN COUNTY 2014 JUL 17 A 11: 31 DEPUTY CLERK CIVIL DIVISION

RECEIVED/FILED SUPERIOR COURT OF N.J. WARREN COUNTY 2014 JUL 10 A 11: 12 DEPUTY CLERK CIVIL DIVISION

| | |
|---|---|
| Lisa Thomas, | |
| Plaintiff, | SUPERIOR COURT OF NEW JERSEY WARREN COUNTY; LAW DIVISION |
| v | DOCKET NO.: WRN-L-226-14 |
| 843 Wilbur Avenue Operations, L.L.C., Genesis NJ Holdings, LLC, and/or Genesis HealthCare L.L.C., d/b/a Genesis HealthCare, Genesis HealthCare Corporation, ABC Corporations 1 – 10, and John Does 1 – 10 | CIVIL MATTER |
| | **COMPLAINT AND JURY DEMAND** |
| Defendants, | |

Plaintiff, Lisa Thomas, individually, by and through her attorneys, Florio, Perrucci, Steinhardt & Fader, LLC, bring the within complaint against Defendants and in support thereof avers as follows:

**THE PARTIES**

1. Plaintiff, Lisa Thomas (hereafter "Plaintiff"), is an adult female, who is a citizen of the United States and the State of New Jersey who resides in the Town of Phillipsburg, County of Warren, and State of New Jersey.

2. Upon information and belief, Defendant, 843 Wilbur Avenue Operations, LLC, is a New Jersey limited liability company with a principal place of business at 843 Wilbur Avenue, Phillipsburg, New Jersey, which operates a skilled nursing facility at that address.

3. Defendant 843 Wilbur Avenue Operations, L.L.C. was at all times relevant hereto, the Plaintiff's employer and an "employer" within the definition of the New Jersey Law Against Discrimination.

4. Upon information and belief, Defendant Genesis NJ Holdings, L.L.C. is a New Jersey limited liability company with a principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey, which serves as a New Jersey holding company for the Genesis HealthCare Corporation.

5. Defendant Genesis NJ Holdings, L.L.C. was at all times relevant hereto, the Plaintiff's employer and an "employer" within the definition of the New Jersey Law Against Discrimination.

6. Upon information and belief, Defendant Genesis HealthCare, L.L.C. is a New Jersey limited liability company with a principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey.

7. Defendant Genesis HealthCare, L.L.C. was at all times relevant hereto, the Plaintiff's employer and an "employer" within the definition of the New Jersey Law Against Discrimination.

8. Genesis HealthCare Corporation (hereafter "Genesis HealthCare") is a Pennsylvania business corporation having a principal place of business at 101 East State Street, Kenneth Square, Pennsylvania, 19348. At all times relevant hereto, Genesis HealthCare was the Plaintiff's employer and an "employer" within the definition of the New Jersey Law Against Discrimination.

9. Defendant ABC Corporations 1-10 are fictitious names for entities, whose real names are unknown to Plaintiff in the event that neither one of the Defendants named herein

were the legal employer of the Plaintiff. Alternatively, ABC Corporations 1-10 are the successor and have successor liability. Or alternatively, ABC Corporations 1-10 are entities or persons that have responsibility for Plaintiffs injuries. Plaintiff reserves the right to amend this complaint, should the actual facts warrant same.

10. Defendants John Does 1-10 are individuals who are owners, partner, principals, interest holder, shareholders, agents, members, and/or other representatives and employees of Defendants.

11. At all times relevant here to, Defendants acted through their agents, servants and employees, each of whom also at all relevant times acted within the scope of his/her employment.

**<u>THE FACTS</u>**

12. Plaintiff is an adult female.

13. At all times relevant hereto, Plaintiff was employed by the Defendants as a dietary cook/aide.

14. Plaintiff commenced employment with Defendants on or about August 8, 2006.

15. At all times relevant hereto, Plaintiff performed her work for Defendants in a professional and competent manner.

16. At all times relevant hereto, Plaintiff was a female and gay and therefore was member of protected classes under the New Jersey Law Against Discrimination ("NJLAD") on the basis of gender and sexual orientation.

17. At all times relevant hereto, Defendants were aware of Plaintiff's sexual orientation.

18. During the course of her employment with Defendants, Plaintiff was subject to a hostile work environment and harassment on the basis of her gender and sexual orientation, which included but is not limited to:

(a) Derogatory statements and harassing acts, which included the placement of a photograph of sexual device - commonly referred to as a "strap-on dildo" – in the Plaintiff's work mailbox with the caption "This is Lisa" immediately affixed below the photograph;

(b) Being subject to harassing acts and physical intimidation by employees, including bullying behavior such as "keying" her vehicle, yelling at her, directing profanity at her, throwing items, and making physical contact with her.

(c) Responding to the Plaintiff's lawfully protected activity of making complaints to the Defendants about such discriminatory behavior by purposely engaging in a sham investigation that had no intention of actually apprehending and punishing the offending employees (and included the placement of a non-functioning camera in the area near the employee mailboxes with the knowledge that the camera was inoperable and incapable of capturing any unlawful conduct on video);

(d) Disparate treatment on the basis of gender and sexual orientation, which included the Defendants openly and falsely accusing the Plaintiff of engaging in misconduct and specifically of "creating a

hostile work environment" and "harassment" against another female employee;

(e) Terminating the Plaintiff's employment on the basis of her gender and sexual orientation and in retaliation for making complaints of such unlawful behavior; and

(f) Slandering and defaming the Plaintiff by publicizing false allegations and the fact of her termination to members of the community, including resident's families and other employers in the industry.

19. During the course of her employment with Defendants, Plaintiff complained about the health and safety conditions of the food preparation facilities.

20. In fact, in two separate instances the Plaintiff received workplace injuries for which she filed for and received workers compensation benefits.

21. Plaintiff's applications for relief pursuant to the New Jersey Workers' Compensation Law was lawfully protected activity and it is unlawful to retaliate against an employee for pursuing such legal relief.

22. Plaintiff suffered adverse employment action as a result of availing herself of legal relief for her workplace injuries, whereupon said actions include but are not limited to termination from employment.

## FIRST COUNT

## VIOLATIONS OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

23. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

24. Plaintiff has experienced unlawful discrimination, harassment, disparate treatment, and hostile work environment based on her gender and sexual orientation.

25. As a direct and proximate result of the Defendants' action and/or inaction, the Plaintiff was subjected to substantial damages, including but not limited to loss of employment and wages, loss of benefits, loss of future wages and benefits, diminished employability and career opportunities and losses, diminished future wages and benefits, and further subjected to humiliation, past, present and future emotional stress, trauma and psychological injury.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory and punitive damages, attorney's fees pursuant to N.J.S.A. 10:5-27.1, and costs of suit, prejudgment interest, together with such other relief as the Court deems just and proper.

## SECOND COUNT

## VIOLATIONS OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

26. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

27. Plaintiff engaged in protected activity by making complaints to her supervisors about being subjected to unlawful harassment, intimidation, hostile work

environment and similar unlawful conduct on the basis of her gender and sexual orientation.

28. Plaintiff was thereafter subjected to adverse employment action in retaliation for engaging in the aforementioned protected activity, which includes but is not limited to her termination from employment on or about October 25, 2013.

29. As a direct and proximate result of the Defendants' action and/or inaction, the Plaintiff was subjected to substantial damages, including but not limited to loss of employment and wages, loss of benefits, loss of future wages and benefits, diminished employability and career opportunities and losses, diminished future wages and benefits, and further subjected to humiliation, past, present and future emotional stress, trauma and psychological injury.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory and punitive damages, attorney's fees pursuant to N.J.S.A. 10:5-27.1, and costs of suit, prejudgment interest, together with such other relief as the Court deems just and proper.

**THIRD COUNT**

**DEFAMATION**

30. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

31. A prima facie claim of defamation is shown when (1) there is an assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher.

32. Defendants asserted false and defamatory statements to members of community, including the residents' families, and, upon information and belief, to local employers within the industry, that Plaintiff had engaged in various acts of misconduct including harassment and creating a hostile work environment, and publicizing the fact of her termination resulting from such falsely alleged acts.

33. Defendants also asserted such false and defamatory statements to the New Jersey Department of Labor and Workforce Development, indicating therein that Plaintiff was terminated for "severe misconduct" and "misconduct" for creating a hostile work environment and harassment of female co-workers.

34. Defendants made such statements, i.e., "hostile work environment", knowing that they are legally operative terms associated with unlawful behavior and unlawful acts of discrimination under the NJLAD.

35. After holding a proper hearing, the New Jersey Department of Labor and Workforce Development found that there was no reason to deny unemployment benefits to Plaintiff.

36. Defendants' statements were false and were negligently, intentionally, and maliciously published to third parties to injure the Plaintiff.

37. Defendants' actions are not protected by any legal privilege.

38. As a direct and proximate result of the Defendants' actions and/or inaction, the Plaintiff was subjected to substantial damages, including but not limited to loss of employment and wages, loss of benefits, loss of future wages and benefits, diminished employability and career opportunities and losses, diminished future

wages and benefits, and further subjected to humiliation, past, present and future emotional stress, trauma and psychological injury.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory and punitive damages, attorney's fees and costs of suit, prejudgment interest, together with such other relief as the Court deems just and proper.

## FOURTH COUNT

## WORKERS COMPENSATION RETALIATION/WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

39. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

40. On or about March 28, 2008, Plaintiff was injured in a workplace accident when a window was released from the frame and fell on her. Due to the accident, Plaintiff sustained injuries to her back.

41. Following her injury, Plaintiff filed for workers' compensation benefits.

42. On or about February 10, 2011, Plaintiff was involved in a second workplace accident when a milk delivery cart restrained her against a wall and resulted in an aggravation of her prior 2008 workplace injury.

43. After Plaintiff filed for workers' compensation benefits, Defendants unlawfully retaliated against her.

44. The retaliation against Plaintiff was contrary to a clear mandate of public policy as it violated both statutory and common law prohibitions of such conduct.

45. Defendants' actions violated the anti-retaliation provision under the Workers' Compensation Law, N.J.S.A. 34:15-1 et seq. and related common law theories under Pierce v. Ortho Pharmaceutical.

46. As a direct and proximate result of the Defendants' action and/or inaction, the Plaintiff was subjected to substantial damages, including but not limited to loss of employment and wages, loss of benefits, loss of future wages and benefits, diminished employability and career opportunities and losses, diminished future wages and benefits, and further subjected to humiliation, past, present and future emotional stress, trauma and psychological injury.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory and punitive damages, attorney's fees, and costs of suit, prejudgment interest, together with such other relief as the Court deems just and proper.

**RULE 4:5-1 CERTIFICATION**

I, STEVEN R. SRENASKI, hereby certify, pursuant to New Jersey Court Rule 4:5-1, that to the best of my knowledge, the claims raised herein are not subject of any other actions pending in any Court or the subject of any arbitration proceeding, and no such other action or arbitration is contemplated.

I certify that the foregoing statements made by me are true to my personal knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment by perjury.

**JURY DEMAND**

Plaintiff hereby demands trial by jury with respect to all issues so triable.

**TRIAL ATTORNEY DESIGNATION**

PLEASE TAKE NOTICE that STEVEN R. SRENASKI, ESQUIRE, is hereby designation as trial counsel in the above captioned litigation pursuant to the New Jersey Court Rules.

By:____________________________

Steven R. Srenaski, Esquire
FLORIO, PERRUCCI,
STEINHARDT & FADER, LLC.
235 Broubalow Way
Phillipsburg, New Jersey 08865
Telephone: (908) 454-8300
Fax: (908) 454-5827
Attorneys for Plaintiff, Lisa Thomas

Dated: 7/8/14

FPSF FLORIO PERRUCCI STEINHARDT & FADER

Attorneys at Law

235 Broubalow Way - Phillipsburg - New Jersey 08865

RECEIVED/FILED SUPERIOR COURT OF N.J. WARREN COUNTY 2014 JUL 10 A 11: 12 DEPUTY CLERK CIVIL DIVISION

JAMES J. FLORIO
MICHAEL J. PERRUCCI *^
DOUGLAS J. STEINHARDT ^
PAUL T. FADER
PARTNERS
LOUIS CAPPELLI, JR.
PHILIP J. MORIN III *
J. ANDREW KINSEY *^
BRIAN R. TIPTON *^
DONALD E. SOUDERS, JR. ^

MARK R. PECK
ELTIA I. MONTANO GALARZA
CHRISTINE HURST PERRUCCI *^
LESTER E. TAYLOR III ~
CHRISTIAN M. PERRUCCI ^
PADRAIG FLANAGAN ^
STEVAN A. SANDBERG*
JENNIFER A. VORHIES*
STEVEN R. SRENASKI ^*
RAVINDER S. BHALLA*

ASSOCIATES
CRAIG P. BOSSONG ^
EDWARD F. BRENNAN
ROBERT M. DONCHEZ ^
VERONICA P. HALLETT ^
SETH R. TIPTON ^*
JENNIFER SHAW *
MICHAEL R. PSATHAS*
JENNA A. ROTTENBERG*
RACHIT J. CHOKSI*
JASON ISOM

RACHEL CONSOLE
MICHELLE MURPHY
KATHARINE FINA
GARY GLEGHORN
OF COUNSEL
HON. ROBERT A. FREEDBERG ^
TERRENCE GRUBE ^
JOSEPH R. BOCK ^
JOHN F. NEARY
MICHAEL J. DIMARCO ^
GAIL B. GORDON ^
MICHAEL J. COZZILLIO^

MEMBER OF PA BAR ^
MEMBER OF NY BAR *
MEMBER OF MD BAR ~
MEMBER OF VA BAR >

July 8, 2014

From the Desk of:
Steven R. Srenaski, Esq.
(908) 454-8300
ssrenaski@fpsflawfirm.com

RECEIVED/FILED SUPERIOR COURT OF N.J. WARREN COUNTY 2014 JUL 17 A 11: 3 DEPUTY CLERK CIVIL DIVISION

Via: Regular Mail
Clerk, Superior Court of New Jersey
Warren County Courthouse
413 2nd Street, P.O. Box 900
Belvidere, NJ 07823

Re: Lisa Thomas v. 843 Wilbur Avenue Operations, L.L.C., Genesis NJ Holdings, LLC, and/or Genesis HealthCare L.L.C., d/b/a Genesis HealthCare, Genesis HealthCare Corporation, ABC Corporations 1 – 10, and John Does 1 – 10

Dear Clerk:

Please be advised that this office represents Plaintiff, Lisa Thomas, in the above matter.

Enclosed please find an original and one copy of a CIS and Complaint with Jury Demand which I request that you file and return a filed copy to me in the reply envelope provided. Kindly debit this firm's collateral account #141889 (c/m 51894.0002) for the filing fee.

Thank you for your anticipated cooperation in this matter.

Very truly yours,

Steven R. Srenaski, Esq.

SRS/nc
Enc.

FPSF FLORIO PERRUCCI
STEINHARDT & FADER
LLC
Attorneys at Law

235 Broubalow Way
Phillipsburg, NJ 08865

UNITED STATES POSTAGE
PITNEY BOWES
02 1P $ 000.48⁰
0000814452 JUL 29 2014
MAILED FROM ZIP CODE 08865

Natacha Clicteur, Paralegal
Florio Perrucci Steinhardt & Fader, LLC
235 Broubalow Way
Phillipsburg, NJ 08865

7013 1710 0001 0337 8297

UNITED STATES POSTAGE
PITNEY BOWES
02 1P $ 002.240
0000814452 JUL 29 2014
MAILED FROM ZIP CODE 08865

FPSF FLORIO PERRUCCI STEINHARDT & FADER LLC
Attorneys at Law

235 Broubalow Way
Phillipsburg, NJ 08865

TO:

Genesis HealthCare, L.L.C.

830 Bear Tavern Road

West Trenton, NJ 08628

# EXHIBIT "C"

ACMS Public Access Page 1 of 1

NJ COURTS PUBLIC ACCESS

**ACMS Public Access: Case Detail**

| | | |
|---|---|---|
| VENUE: **WARREN** | COURT: **LAW CVL** | DOCKET #: **L 000226 14** |
| CASE TITLE : **THOMAS LISA VS 843 WILBUR AVE OPERATIONS LLC** | | |

| | | | |
|---|---|---|---|
| CASE FILED DATE | : **07 10 2014** | CASE TYPE | : **618 LAW AGAINS** |
| CASE STATUS | : **ACTIVE** | CASE INITIATION TYPE | : **C COMPLAINT** |
| DISPOSITION TYPE | : | DATE DISPOSED | : 00 00 0000 |
| DISCOVERY DATE | : | ARGUMENT REQST DATE | : 00 00 0000 |
| CASE PARTY COUNT | : 007 | JUDGMENT ENTERED | : **NO** |
| FIRST ANSWER DATE | : | | |
| EXPECTD SERVICE DATE | : | ACTUAL SERVICE DATE | : |
| CONSOLIDATION TYPE | : | CONSOLIDATION STATUS | : |
| TRANSFER FROM VENUE | : TO | DATE TRANSFERRED OUT | : |
| LAST PROCEEDING TYPE | : | LAST PROCEEDING DATE | : |
| PENDING ACTION | : **PG ANSWER** | PENDING ACTION DATE | : 09 23 2014 |
| UNDISTRIBUTED AMOUNT | : 0.00 | DEMAND AMOUNT | : 0.00 |
| DF ATTORNEY/PRO SE | : **NO DF HAS AN ATT** | DENOVO INDICATOR | : **NO** |

| | | | |
|---|---|---|---|
| CMP DISPUTE RESOLUTN | : **MEDIATION** | TITLE 59 INDICATOR | : **NO** |
| JURY REQUEST | : **6 JURORS** | CASE IMPOUNDED | : **NO** |
| DATE ENTERED | : 07 18 2014 | | |

Screen ID:CVM1019 **Copyrighted © 2012 - New Jersey Judiciary**
Session ID: J9CXCW Case Count: 1
BUILD 2012.1.0.02.09 Timer Count down: 265

# EXHIBIT "D"

**RUBIN, FORTUNATO & HARBISON, P.C.**
Karen P. Gaster, Esquire
Michael P. Avila, Esquire
10 South Leopard Road
Paoli, Pennsylvania 19301
610-408-2017 / 610-408-2035
*Attorneys for Defendants, 843 Wilbur Avenue Operations LLC, Genesis NJ Holdings LLC, Genesis HealthCare LLC, and Genesis HealthCare Corporation*

| | |
|---|---|
| **Lisa Thomas,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**843 Wilbur Avenue Operations, L.L.C., Genesis NJ Holdings, LLC, and/or Genesis Healthcare L.L.C., d/b/a Genesis Healthcare, Genesis Healthcare Corporation, ABC Corporations 1 – 10, and John Does 1 – 10**<br><br>**Defendants.** | **SUPERIOR COURT OF NEW JERSEY**<br>**WARREN COUNTY**<br>**LAW DIVISION**<br><br>**DOCKET NO: WRN-L-226-14**<br><br>**Civil Action**<br><br>**NOTICE OF FILING NOTICE OF REMOVAL** |

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendants 843 Wilbur Avenue Operations LLC, Genesis NJ Holdings LLC, Genesis HealthCare LLC (improperly identified as Genesis HealthCare, LLC d/b/a Genesis HealthCare), and Genesis HealthCare Corporation (hereinafter collectively referred to as "Defendants") today filed a Notice of Removal with the United States District Court for the District of New Jersey, Trenton Division. A copy of the Notice of Removal is attached hereto as **Exhibit "1."** Pursuant to 28 U.S.C. § 1446(d), this effects the removal of this case, and this Court shall proceed no further unless the case is remanded.

Dated: August 26, 2014

Respectfully submitted,

/s/ Karen P. Gaster

Karen P. Gaster, Esquire
Michael P. Avila, Esquire
RUBIN, FORTUNATO & HARBISON P.C.
10 South Leopard Road, Paoli, PA 19301
Tel. (610) 408-2017/2035

*Attorneys for Defendants*
*843 Wilbur Avenue Operations LLC,*
*Genesis NJ Holdings LLC,*
*Genesis HealthCare LLC, and*
*Genesis HealthCare Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the *Notice of Filing Notice of Removal* was served via UPS Overnight Mail on the date set forth below upon the following:

Steven R. Srenaski, Esquire
Florio Perrucci Steinhardt & Fader, LLC
235 Broubalow Way
Phillipsburg, NJ 08865

*Attorney for Plaintiff, Lisa Thomas*

Dated: August 26, 2014

/s/ Karen P. Gaster
Karen P. Gaster, Esquire